[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12180
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cv-00199-SCB-AEP

RALPH A. EMMANUELLI,
HILLSBOROUGH HISPANIC COALITION, INC.,

Plaintiffs-Appellants,

versus

REINCE PRIEBUS,
in his official capacity as chair of the
Republican National Committee,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ralph Emmanuelli and the Hillsborough Hispanic Coalition, Inc. (Appellants) appeal the district court's dismissal of their lawsuit alleging constitutional and statutory violations for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  After review, we affirm.

## I.

Appellant Ralph Emmanuelli is a Florida resident and registered Republican voter in Pinellas County, Florida.  The Hillsborough Hispanic Coalition, Inc. is a non-profit corporation with the stated purpose of promoting, protecting, and defending the rights of the Hispanic community.  Appellee Reince Priebus is the Chair of the Republican National Committee (RNC).

Like many organizations, the RNC requires its members to abide by certain rules.  Two such rules are at issue in this case.  The first rule, the calendar program, prohibits member states from holding a presidential primary or caucus before a specified date.  The second rule, the delegate-reduction penalty, reduces the convention delegates of nonconforming states by a predetermined amount when they violate the RNC's calendar program.  In this case, Florida and its Republican Party violated the RNC's calendar program when they held, and accepted the

---

[1] This Court reviews *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6).  *Speaker v. U.S. Dept. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

results of, the State's presidential primary prior to the RNC's specified date. Consequently, the RNC enforced its delegate-reduction penalty against Florida.

In response, Appellants brought this action for declaratory and injunctive relief on the ground that the RNC's delegate-reduction penalty violates the Equal Protection Clause of the Constitution, as well as 42 U.S.C. § 1983 and Section Two of the Voting Rights Act, 42 U.S.C. § 1973.[2] Appellants allege that the RNC's rules "underenfranchise[]" Hispanic Republican voters, because they allow early voting states—namely, Iowa, New Hampshire, South Carolina and Nevada—with comparatively small percentages of Republican Hispanic voters to skew the debate toward the interests of those states' dominant demographics. As a result of the influence the RNC's rules bestow on those states, Appellants contend that presidential candidates adopt positions contrary to those of Hispanic voters.

Priebus moved to dismiss under, *inter alia*, Federal Rule of Civil Procedure 12(b)(6), arguing that Appellants failed to state a claim for which relief could be granted. The district court granted Priebus's motion, dismissing Appellants' complaint with prejudice and entering judgment in favor of Priebus. Appellants filed a timely notice of appeal.

---

[2] In their complaint to the district court, Appellants asserted a due process violation under the Fourteenth Amendment. But, as in the district court, Appellants have presented no legal argument or factual recital in their briefs to support such a violation. We therefore do not consider it. *See, e.g.*, *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

II.

The sole issue on appeal is whether the district court erred in concluding the RNC was not a state actor for purposes of Appellants' statutory and constitutional claims.[3] Appellants rightly concede that state action is a requisite element of their case, and they point to two of this Court's state action tests in attempting to show RNC is a state actor.

First, Appellants invoke the public function test, which finds state action when private actors perform traditional state functions. *See, e.g.*, *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). Appellants argue that the RNC performed a traditional state function in reducing Florida's delegates to the 2012 convention. This argument, however, has no basis in law or fact. As the Supreme Court has acknowledged, "controversies regarding the seating of delegates" have traditionally been determined not by the states, but by "the national political parties themselves." *O'Brien v. Brown*, 409 U.S. 1, 5 (1972). Because the RNC's enforcement of its delegate-reduction penalty was not

---

[3] As a threshold matter, we reject Appellee's mootness contention. As the Supreme Court has routinely held in "the context of election cases," the issues presented here fall within the "capable of repetition yet evading review" exception to mootness. *See, e.g.*, *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 463–64 (2007); *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978); *Storer v. Brown*, 415 U.S. 724, 737, n.8 (1974); *see also ACLU v. The Fla. Bar*, 999 F.2d 1486, 1496 (11th Cir. 1993). Additionally, because the appeal is narrowly limited to the state action question, nothing in this opinion bears on Appellants' "underenfranchise[ment]" equal protection theory.

a traditional state function, Appellants' reliance on the public function test is misplaced.

Next, Appellants rely on the nexus/joint action test, which finds state action when private and state actors have an interdependent, symbiotic relationship regarding "the specific conduct of which the plaintiff complains." *Focus on the Family*, 344 F.3d at 1278. Appellants assert Florida and the RNC operated jointly in enforcing the delegate-reduction penalty because the State (1) authorized and conducted the primary, and (2) adopted the results for the general election.

This argument, like Appellants' first, is meritless as they have not established the RNC and Florida were engaged in a relevant "symbiotic" relationship. Appellants have shown the State was involved in violating the RNC's calendar program by conducting a premature primary. But that is not the "specific conduct of which the plaintiff complains." Rather, Appellants challenge the legality of the RNC's penalty rule, which is triggered by the nonconforming primary but which does not involve the State's participation. There is no evidence Florida and the RNC have a "symbiotic" relationship regarding the delegate-reduction penalty. Thus, Appellants have not made out the requirements of the nexus/joint action test for state action.

### III.

In sum, because Appellants have not shown RNC is a state actor, the district court did not err in dismissing their complaint for failure to state a cause of action. Therefore, we affirm the district court's grant of Preibus's Rule 12(b)(6) motion to dismiss for failure to state a claim.

**AFFIRMED.**